# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50209 | **DATE** | 1/6/2012 |
| **CASE TITLE** | United States vs. Joel Turner, Jr. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the § 2255 motion as to all claims, denies the request for an evidentiary hearing, and dismisses this cause in its entirety.

*Philip G. Reinhard*

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT - OPINION

Joel Turner, a federal prisoner, filed a motion pursuant to 28 U.S.C. § 2255, alleging that his trial counsel was ineffective in that he: (1) failed to challenge the basis for his identification as the defendant in two separate state convictions relied on in the Presentence Report (PSR) as the basis for a career offender enhancement under U.S.S.G. § 4B1.1; and (2) failing to file a motion to suppress , based on the lack of probable cause, the evidence gathered pursuant to a search warrant authorizing the interception of oral communications and recording of video evidence at a residence on Kishwaukee Street in Rockford, IL.  The government has responded, and Turner has filed a reply.  Turner also requests an evidentiary hearing.

Relief under § 2255 is available only if an error is jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice. Barnickel v. United States, 113 F. 3d 704, 705 (7th Cir. 1997).  A claim of ineffective assistance of trial counsel properly may be raised in a § 2255 motion regardless of whether the defendant raised the same issue on direct appeal.  Massaro v. United States, 538 U.S. 500, 504 (2003).

Inherent in the Sixth Amendment right to counsel is that a defendant is entitled to the effective assistance of counsel. Koons v. United States, 639 F. 3d 348, 351 (7th Cir. 2011).  The relevant inquiry is whether counsel's conduct so undermined the proper functioning of the adversarial process that the proceeding cannot be relied on as having produced a just result. Koons, 639 F. 3d at 351.  To prevail on an ineffective assistance claim, a petitioner must establish that his trial counsel's performance was deficient and that the deficient performance prejudiced his case. Koons, 639 F. 3d at 351.  To demonstrate deficient performance, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Koons, 639 F. 3d at 351.  A review of the attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Koons, 639 F. 3d at 351.

As for the prejudice component, in the context of sentencing, prejudice exists when, but for counsel's action or inaction, the movant would have received a shorter sentence. Glover v. United States, 531 U.S. 198, 202-04 (2001).  Further, such a claim of ineffective assistance of counsel must be supported by objective evidence and not merely by a movant's own self-serving testimony. Cooper v. United States, 378 F. 3d 638,

**STATEMENT - OPINION**

641 (7th Cir. 2004).

   To establish prejudice in the guilty plea context, a petitioner must demonstrate through objective evidence that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Koons, 639 F. 3d at 351. Merely alleging that he would have insisted on going to trial is inadequate. Koons, 639 F. 3d at 351.

   Here, Turner's first claim of ineffective assistance of counsel is based on his assertion that his trial counsel should have objected to that portion of the PSR that attributed to him two different state felony convictions for purposes of determining his criminal history, particularly as it related to application of the career offender enhancement under § 4B1.1. Specifically, he contends that he was not properly identified in the PSR as the defendant in either of those two state cases.

   Turner has failed to identify any reasonable basis upon which his trial counsel could have challenged his identification as the defendant in either of the state convictions. Further, the PSR sets forth in detail that Turner was the defendant in case numbers 00 CF 60 and 00 CF 64 in the Circuit Court of Ogle County, Illinois. The probation officer, relying on the arrest report in those cases, determined that the defendant, who used an alias at the time of his initial arrest, was later identified by fingerprints as being Turner. According to the PSR, Turner also admitted to being the defendant in those cases and that he frequently used aliases, including the one he used at the time of his arrest. This determination by the probation officer that Turner was the defendant who was convicted in case numbers 00 CF 60 and 00 CF 64 was virtually unassailable, and there was no reasonable basis upon which trial counsel could have questioned that conclusion. Therefore, the failure to do so does not constitute a deficiency sufficient to support a claim of ineffective assistance of counsel in that regard.

   The same can be said for the conviction in case number 00 CF 2787 in the Circuit Court of Winnebago County, Illinois. There is no question apparent from the PSR that Turner was the not the defendant in that case and he has not pointed to any evidence that would prove otherwise. Further, he stated at the plea proceeding that he discussed the PSR with his trial counsel and that trial counsel "put forth all of [his] objections" to the facts contained in the PSR. Accordingly, the court denies the § 2255 motion as to the claim related to both state convictions.[1]

   Turner's second claim is that his trial counsel was ineffective for failing to move to suppress the audio and video evidence obtained via a search warrant because the affidavit supporting the search warrant lacked the necessary probable cause. This claim fails because Turner has not asserted, let alone submitted evidence, that he would have not pleaded guilty and insisted on a trial had his trial counsel filed and succeeded on such a motion. See Koons, 639 F. 3d at 351.

   Moreover, the failure to file such a pretrial motion was not deficient because the affidavit on its face reflects the necessary probable cause for the issuance of the search warrant. Affidavits supporting wiretap applications are judged by the same standards as those supporting conventional search warrant applications, whether they set forth probable cause. United States v. Vargas, 116 F. 3d 195, 197 (7th Cir. 1998). Law enforcement officials have probable cause to search a particular place where the known facts and circumstances are sufficient to warrant a man of reasonable prudence to believe that contraband or evidence of a crime will be found. United States v. Aljabari, 626 F. 3d 940, 944 (7th Cir. 2010). This common-sense, non-technical determination is based not on individual facts in isolation but on the totality of the circumstances known at the time a warrant is requested. Aljabari, 626 F. 3d at 944. Those circumstances need only indicate a reasonable probability that evidence of crime will be found in a particular location. Aljabari, 626 F. 3d at 944. Neither an absolute certainty nor even a preponderance of the evidence is necessary. Aljabari, 626 F. 3d at 944.

   Drawing on these general principles, it is clear that direct evidence linking a crime to a particular place, while certainly helpful, is not essential to establish probable cause to search that place. Aljabari, 626 F. 3d at 944. Because there will often be nothing directly indicating that evidence of a crime will be found in a

**STATEMENT - OPINION**

particular place, an affidavit need only contain facts that, given the nature of the evidence sought and the crime alleged, allow for a reasonable inference that there is a fair probability that evidence will be found in a particular place. Aljabari, 626 F. 3d at 944.

   In this case, the detailed, 74-page affidavit of Special Agent Smith provides a thorough and ample basis for a finding of probable cause to support the search warrant. In light of the comprehensive nature of the assertions of criminal activity related to the Kishwaukee Street residence and the need to implement interceptions of oral communications as well as video recording of activities there, there was simply no basis upon which trial counsel could have attacked the sufficiency of the affidavit supporting the search warrant.[2] Therefore, because trial counsel was not ineffective for failing to do so, the court denies § 2255 relief in this regard.

   For the foregoing reasons, the court denies the § 2255 motion as to all claims, denies the request for an evidentiary hearing, and dismisses this cause in its entirety.

1. It should be noted that in his written plea agreement Turner acknowledged that if he frivolously contested the relevant facts in the PSR that such conduct would be inconsistent with his acceptance of responsibility for which he received a lower sentence. Thus, had trial counsel challenged the PSR on the basis now asserted by Turner such an approach would be subject to legitimate criticism.

2. As noted by the government, there were 15 co-defendants, none of whom sought to suppress the evidence gathered as a result of the search warrant in this case.